# EXHIBIT A

STATE OF NEW YORK          COUNTY OF ST. LAWRENCE
SUPREME COURT

SARA ROUNDPOINT Individually and
as Administrator of the Estate of JEREMY KEARNS,

          Plaintiff,

                                        SUMMONS

vs.
                                        Index No.:

CATALYST AVIATION, LLC,

          Defendant.

TO THE ABOVE-NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    St. Lawrence County is designated as the place of trial on the basis of CPLR 503(a) and 503(b) with an address of: 171 Cook Road, Messina, New York.

DATED:     March 18, 2019

                                          Jeff D. DeFrancisco, Esq.
                                          DeFrancisco & Falgiatano, LLP
                                          Attorneys for the Plaintiff
                                          6739 Myers Road
                                          East Syracuse, New York 13057
                                          Tel. No.: (315) 479-9000

To:    Catalyst Aviation, LLC

STATE OF NEW YORK         COUNTY OF ST. LAWRENCE
SUPREME COURT

SARA ROUNDPOINT Individually and
as Administrator of the Estate of JEREMY KEARNS,

        Plaintiff,

                                COMPLAINT

vs.

                                Index No.:

CATALYST AVIATION, LLC,

        Defendant.

Plaintiff, by and through her attorneys, DeFrancisco & Falgiatano, LLP, Jeff D. DeFrancisco, Esq. as and for her complaint against the Defendant herein, alleges:

1. Decedent, Jeremy Kearns (hereinafter "decedent"), at all times mentioned herein, was a resident of St. Lawrence County, State of New York.

2. Decedent died on October 30, 2018 at the age of 30.

3. Plaintiff, Sara Roundpoint, at all times mentioned herein, was and still is the mother of the decedent's children.

4. Plaintiff, Sara Roundpoint, was appointed as Guardian of the Person and Property of the decedent's children on February 19, 2019 and as Administrator of the decedent's estate on March 12, 2019 and is therefore authorized to commence this proceeding.

5. Upon information and belief, Northline Utilities, LLC is a Limited Liability Corporation with an office located in Ausable Forks, New York.

6. At all times mentioned herein, decedent was employed by Northline Utilities, LLC.

7.     Upon information and belief, Defendant, Catalyst Aviation, LLC, (hereinafter "Defendant") is a New Jersey Limited Liability Corporation with an office located at 5 Academy Drive, Hammontown, New Jersey.

8.     Upon information and belief, Defendant, at all times mentioned herein, was and is engaged in the business of owning, operating, maintaining, servicing and offering helicopter services for use in New York State including the services it offered to Northline Utilities that were performed in New York which is the subject of this matter.

9.     Upon information and belief, Defendant, at all times mentioned herein, held itself out to decedent, Northline Utilities, LLC and the general public as a company offering helicopter services with competent, qualified and certified staff who were trained to operate low-flying helicopters to assist with airlifting utility linemen to utility poles so they could perform certain maintenance, installation and inspection services to poles and utility lines.

10.    Upon information and belief, at all relevant times herein, Defendant, was hired and/or contracted by decedent's employer, Northline Utilities, LLC, for the purpose of airlifting utility linesmen by helicopter to place blocks/pulleys that would eventually hold and help string fiber optic utility lines through the utility poles in New York.

11.    Upon information and belief, Robert Hoban, Jr. was the helicopter pilot operating the Aerospatiale AS 355FZ helicopter on October 30, 2018, while in the scope of his employment with Defendant for which the decedent was a passenger.

12. Defendant, at all times mentioned herein, was and is vicariously liable for any and all acts and/or omissions by Robert Hoban, Jr. in the operation of the aforesaid helicopter on October 30, 2018.

13. Upon information and belief, at all relevant times herein, Defendant, was the owner and operator of the subject Aerospatiale AS 355FZ helicopter for which the decedent was a passenger.

14. Upon information and belief, on October 30, 2018, decedent, pilot Robert Hoban, Jr., and two other individuals, were in the aforesaid helicopter working on utility lines in Beekmantown, New York.

15. Upon information and belief, at all relevant times herein, Defendant, by and through it's employees, agents, and/or staff members, including Robert Hoban, Jr., were in exclusive control of the aforesaid helicopter on October 30, 2018 for which decedent was a passenger.

16. Upon information and belief, on October 30, 2018, the decedent was in the scope of his employment with Northline Utilities, while he was working on placing utility equipment and lines.

17. Upon information and belief, Defendant, only weeks prior to October 30, 2018, received governmental approval to provide the subject services to Northline Utilities on the aforesaid date.

18. Upon information and belief, the AS 355FZ helicopter was too large to use for the services Defendant was providing to Northline Utilities on October 30, 2018.

19. Upon information and belief, due to the wind conditions on October 30, 2018, at the time of the incident, the Defendant should not have been operating the large helicopter for the services it was providing to Northline Utilities due to the need to maintain steady control of the helicopter and because of the close proximity to the power lines.

20. Upon information and belief, the Defendant knew or should have known that the helicopter weight was not evenly distributed due to the equipment on it causing it to become more difficult to control.

21. Upon information and belief, on October 30, 2018, Defendant, by and through it's employee, Robert Hoban, Jr., swerved multiple times towards the powerline without the ability to maintain control of the helicopter.

22. Upon information and belief, Defendant, by and through it's employee, Robert Hoban, Jr., should have stopped providing helicopter services due to the inability to control it and the high risk of injury.

23. Upon information and belief, on October 30, 2018, Defendant, by and through it's employee, Robert Hoban, Jr., crashed into the utility pole, causing the helicopter to become entangled in the power lines, flip over, catch fire, and ultimately explode.

24. Upon information and belief, at the time of the crash, the decedent was working on a platform on the side of the helicopter and was strapped to the helicopter by two safety harnesses.

25. Upon information and belief, the decedent was strapped to the helicopter and initially unable to free himself while the helicopter was entangled upside down on the utility line.

26. Upon information and belief, decedent was eventually able to free himself and was forced to leap from the burning helicopter from a height of approximately seventy-five (75) feet, sustaining severe injuries leading to his death.

## AS AND FOR A
## FIRST CAUSE OF ACTION

27. Plaintiff repeats and realleges each and every allegation contained in this Complaint as if fully set forth herein.

28. Upon information and belief, Defendant, by and through it's employees, agents and/or staff members had a duty to use due care and caution when performing the tasks for which Defendant was contracted.

29. Upon information and belief, Defendant, by and through it's employees, agents and/or staff members had a duty to see that the task was performed in a reasonably safe condition, factoring in weather conditions and the safety of their equipment, and to ensure that the employees of Northline Utilities were kept free of dangers and hazards to those workers lawfully performing jobs, including the decedent.

30. Upon information and belief, Defendant, by and through it's employees, agents and/or staff members were negligent, careless, and reckless in the possession, control, supervision, direction, judgment and management of the aforesaid helicopter in that Defendant: failed to adequately train its employees, agents, staff members and/or

sub-contractors for this particular job; negligently hired it's employees, agents, staff members and/or sub-contractors for this particular job; operated and utilized a helicopter that was too large for the job; operated and utilized a helicopter where the pilot had poor visibility of the platform where the decedent was working; failed to ensure that the weight on the helicopter was evenly distributed; failed to insist on and/or recommend that the helicopter not be flown on the subject day at the time of the crash because of the wind conditions; failed to land the helicopter and/or cease providing helicopter services after multiple attempts were unsuccessful at getting the helicopter close enough to the utility line so work could be performed; operated the helicopter in an unsafe and/or hazardous manner; failed to keep the helicopter under control; failed to appreciate the significance of and use sufficient precautions due to the wind conditions; failed to provide the decedent with a safe place to work; failed to reasonably and adequately protect the life, health and safety of decedent; failed to hire and/or utilize staff members that had experience handling the subject scope of work; and failed to prevent the helicopter from crashing into the utility pole; among other conduct.

31.     Upon information and belief, the aforesaid accident and resulting injuries sustained by the decedent were caused solely and wholly by reason of the negligence of Defendant and/or those under Defendant's control, without any fault, want of care of culpable conduct on the part of the decedent.

32.     Upon information and belief, as a direct and proximate result of the negligence of Defendant and/or those under Defendant's control, the decedent

experienced significant conscious pain and suffering, fear of impending death, and premature death; among other damages.

33. Upon information and belief, as a direct and proximate result of the negligence of Defendant and/or it's employees, agents and/or staff members, the decedent and his estate has been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

### AS AND FOR A
### SECOND CAUSE OF ACTION

34. Plaintiff repeats and realleges each and every allegation contained in this Complaint as if fully set forth herein.

35. Upon information and belief, as a result of the aforesaid negligence of Defendant, decedent died.

36. Upon information and belief, by virtue of decedent's untimely death, Plaintiff and the decedent's estate, which includes his two children, have suffered significant injuries that include, but are not limited to: loss of support, lost wages, loss of guidance, loss of inheritance, the loss of their father, the loss of love, companionship and affection from their father, and the children have suffered sadness and grief for the loss of their father; among other losses.

37. Upon information and belief, as a direct and proximate result of the negligence of Defendant and/or it's employees, agents and/or staff members, the decedent and his estate has been damaged in an amount that exceeds the jurisdictional limits of all

lower courts.

**WHEREFORE**, Plaintiff demands judgment against Defendant on all causes of action in an amount that exceeds the jurisdiction of all lower courts that otherwise have jurisdiction, exclusive of costs, statutory interest, disbursements, and such other, further, or different relief as the Court deems just and proper.

March 18, 2019

Jeff D. DeFrancisco, Esq.
DeFrancisco & Falgiatano, LLP
Attorneys for the Plaintiff
6739 Myers Road
East Syracuse, New York 13057
Tel. No.: (315) 479-9000

To:   Catalyst Aviation, LLC